1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    UNITED STATES OF AMERICA,

                              NO:  CR-12-2006-RMP
8                    Plaintiff,

          v.                            ORDER DENYING DEFENDANT'S
9                                       28 U.S.C. § 2255 MOTION AND
     MARVIN BARRIOS-SOCOP,              DENYING DEFENDANT'S
10                   Defendant.         MOTION FOR CLEMENCY

11

12          Before the Court is Defendant Marvin Barrios-Socop's motion to vacate, set

13   aside, or correct sentence under 28 U.S.C. § 2255, ECF No. 46, and motion for

14   commutation of sentence, ECF No. 48.  The Court has reviewed the motions, the

15   judgment, all other relevant filings, and is fully informed.

16                              **BACKGROUND**

17          On March 8, 2012, Mr. Barrios-Socop pleaded guilty to one count of being

18   an alien in the United States after deportation.  ECF Nos. 25, 26.  In his plea

19   agreement, Mr. Barrios-Socop expressly waived his right to appeal the sentence he

20   received.  ECF No. 26 at 10.  Mr. Barrios-Socop further waived his right to bring a

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND
DENYING DEFENDANT'S MOTION FOR CLEMENCY ~ 1

motion pursuant to 28 U.S.C. § 2255, except a motion "based on ineffective

assistance of counsel, should new information come into his possession subsequent

to the signing of" the plea agreement.  ECF No. 26 at 10.  Mr. Barrios-Socop was

sentenced to 30 months of incarceration, a sentence below the United States

Sentencing Guidelines advisory range.  ECF No. 43.

Mr. Barrios-Socop comes now and challenges his sentence by way of 28

U.S.C. § 2255 on the grounds that (1) he received ineffective assistance of counsel;

and (2) his conviction is not supported by substantial evidence.  ECF No. 46.  Mr.

Barrios-Socop has also petitioned the court for commutation of his sentence,

arguing that if he were released, he would return to Guatamala and never revisit the

United States.

**DISCUSSION**

**Defendant's Section 2255 Motion**

As an initial matter, Mr. Barrios-Socop's plea agreement contains a

provision waiving his right to bring a motion under § 2255 challenging his

conviction.  Nothing precludes a defendant from waiving the statutory right to file

a § 2255 petition challenging the length of his sentence.  *United States v. Navarro-*

*Botello*, 912 F.2d  318, 321 (9th Cir. 1990); *United States v. Cope*, 527 F.3d 944,

949 (9th Cir. 2008).  Such a waiver is enforceable if "'(1) the language of the

waiver encompasses [the defendant's] right to appeal on the grounds raised, and

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND
DENYING DEFENDANT'S MOTION FOR CLEMENCY ~ 2

(2) the waiver is knowingly and voluntarily made.'"  *United States v. Leniear*, 574
F.3d 668, 672 (9th Cir. 2009) (quoting *United States v. Speelman*, 431 F.3d 1226,
1229 (9th Cir. 2005)); *see also Abney v. United States*, 431 U.S. 651, 656 (1997)
("[T]here is no constitutional right to appeal.").

Waiver of appeal rights does not "categorically foreclose" all § 2255
proceedings, "such as a claim of ineffective assistance of counsel or
involuntariness of waiver."  *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.
1993); *see also Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005).
Generally, however, an express waiver of a statutory right, including § 2255
petitions, bars the defendant from moving the sentencing court to vacate, set aside,
or correct the sentence.  *Abarca*, 985 F.2d at 1014.

Mr. Barrios-Socop raises two arguments in support of his 2255 motion: (1)
there is insufficient evidence to support a guilty finding; and (2) he received
ineffective assistance of counsel.  Mr. Barrios-Socop fails to explain why this
Court should reach the merits of his insufficient evidence argument despite the
waiver of his right to bring a 2255 motion on grounds other than ineffective
assistance of counsel.  On that ground alone the Court could rule against Mr.
Barrios-Socop on the sufficiency issue.

Even if the Court were to reach the merits of the sufficiency question, Mr.
Barrios-Socop would not be entitled to relief.  To be found guilty of being an alien

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND
DENYING DEFENDANT'S MOTION FOR CLEMENCY ~ 3

in the United States after deportation, the Government must prove (1) that the defendant was deported from the United States; (2) that the defendant thereafter voluntarily reentered the United States; (3)  at the time and after the defendant entered the United States, he knew he was in the United States and knowingly remained; (4) the defendant was found in the United States, without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States; and (5) that the defendant was an alien at the time of reentry.  Ninth Circuit Model Criminal Jury Instruction 9.8.

In his plea agreement, Mr. Barrios-Socop admitted that he is a citizen and national of Guatamala, that he was deported on or about September 25, 2009, that a review of a fingerprint matched file would show that he has not sought or received permission to lawfully reenter the United States, that he is not a citizen of the United States, that he voluntarily entered the United States, and knew that he did not have permission .  ECF No. 26 at 5-6.  Mr. Barrios-Socop further admitted that he knew it was the United States when he re-entered and that he knowingly remained.  ECF No. 26 at 6.  Accordingly, Mr. Barrios-Socop provided sufficient evidence in his plea agreement to support a conviction for being an alien in the United States after deportation, and his challenge must be denied.

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND
DENYING DEFENDANT'S MOTION FOR CLEMENCY ~ 4

1       Mr. Barrios-Socop's other challenge in his 2255 motion is that he received

2   ineffective assistance of counsel.  As with the evidence sufficiency challenge, Mr.

3   Barrios-Socop has not explained why the Court should reach the merits of his

4   claim in light of his waiver of his right to bring a 2255 motion.  While Mr. Barrios-

5   Socop's waiver does allow for ineffective assistance of counsel claims, Mr.

6   Barrios-Socop is limited to bringing claims based on evidence not in his possession

7   at the time of the plea was entered.  ECF No. 25 at 10.  Mr. Barrios-Socop's

8   motion does not identify any newly-discovered evidence. *See* ECF No. 46.

9       Even if the Court were to reach the merits of Mr. Barrios-Socop's ineffective

10  assistance argument, the motion would still fail.  In order to establish ineffective

11  assistance of counsel, a defendant must show that the performance of his or her

12  attorney fell below an objective standard of reasonableness and that there is a

13  reasonable probability that, but for counsel's unprofessional errors, the result of the

14  proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668,

15  687-88, 694 (1984).

16      The Defendant argues that his counsel "failed to raise meritorious sentencing

17  issues."  ECF No. 46.  However, the Defendant fails to elaborate and explain what

18  those issues were.  Without knowing the issues, the Court cannot determine

19  whether counsel's performance met an objective standard of reasonableness.

20

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND
DENYING DEFENDANT'S MOTION FOR CLEMENCY ~ 5

Accordingly, Mr. Barrios-Socop has failed to establish that his counsel was deficient at sentencing.

Mr. Barrios-Socop also argues that counsel failed to file an appeal on his behalf.  However, Mr. Barrios-Socop waived his right to appeal his conviction and sentence.  ECF No. 26 at 10.  Additionally, Mr. Barrios-Socop does not identify what issues should have been raised on appeal.  Accordingly, the Court cannot determine whether an appeal would have changed any of the results of this case.  Therefore, Mr. Barrios-Socop has failed to establish ineffective assistance of counsel.

**Commutation of Sentence**

The Defendant has filed a petition for commutation of sentence with this Court.  The Defendant provides no legal basis for this Court to reduce his sentence.  Instead, the Defendant's application is one for clemency.  Under the federal system, clemency is "exclusively executive: only the president has the power to grant clemency for offenses under federal law."  *Harbison v. Bell*, 556 U.S. 180, 187 (2009) (citing U.S. Const. Art. II, § 2, cl. 1).  In fact, the form that Mr. Barrios-Socop filed with the Court is addressed "To The President of the United States."  ECF No. 48 at 1.  Additionally, the oath signed by Mr. Barrios-Socop warns him that intentional misstatements within his "petition for executive clemency" could subject him to criminal prosecution.  ECF No. 48 at 6.  In short,

ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND
DENYING DEFENDANT'S MOTION FOR CLEMENCY ~ 6

this Court does not have the power to grant clemency, and Mr. Barrios-Socop

should direct his petition for clemency to the President of the United States.

Therefore, the Court denies the petition.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Defendant's motion to vacate, set aside, or correct sentence, **ECF No. 46**, is **DENIED**.

2.  The Defendants motion for commutation of sentence, **ECF No. 48**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel, Mr. Barrios-Socop, and inform the Ninth Circuit Court of Appeals that if Mr. Barrios-Socop files a Notice of Appeal, that a certificate of appealability is **DENIED**.

**DATED** this 14th day of August, 2013.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge


ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND
DENYING DEFENDANT'S MOTION FOR CLEMENCY ~ 7